Case 4:16-cv-00359   Document 10   Filed in TXSD on 06/20/16   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
June 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICIA WALLS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00359 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Ocwen Loan Servicing, LLC (the "defendant"), motion to dismiss for failure to state a claim brought pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 3). The plaintiffs, Alicia Walls and Roger Walls (the "plaintiffs"), proceeding *pro se*, have failed to file a response to the defendant's motion to dismiss and the time for doing so has long expired. Thus, pursuant to this Court's local rules, the plaintiffs' "failure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, and the applicable law, the Court determines that the defendant's motion to dismiss should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

The plaintiffs are the owners of the real property located at 4119 Harbour Circle, Missouri City, Texas 77459, legally described and identified as follows:

> LOT THIRTEEN (13), IN BLOCK TWO (2) OF THE AMENDING PLAT OF LAKESHORE AT BRIGHTWATER SUBDIVISION, SECTION TWO (2), A SUBDIVISION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN SLIDE NOS. 1085/A AND B, OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.

(the "property").  (*See* Dkt. No. 1, Ex. B-5 at 2).  On or about January 26, 2016, the plaintiffs commenced the instant action against the defendant in the 240th Judicial District Court of Fort Bend County, Texas seeking to challenge the defendant's foreclosure sale of the property scheduled for February 2, 2016.  On January 28, 2016, the state court entered an Order granting the plaintiffs a Temporary Restraining Order and setting the matter for a hearing on February 10, 2016 at 1:30 p.m. (*Id.*, Ex. B-8.)  On February 10, 2016, the defendant timely removed the state court action to this Court on the basis of diversity jurisdiction.[1]  The defendant now moves to dismiss the plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Alternatively, the defendant moves for a more definite statement.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167

---

[1] The parties are completely diverse and the real property at issue in this case has a current fair market value of $282,870.00 according to the Fort Bend County Central Appraisal District's records. (*See* Dkt. No. 1, Ex. C-1.)

L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

IV.   **ANALYSIS AND DISCUSSION**

   **A. The Plaintiffs' Breach of Contract Claim**

As a threshold matter, the defendant moves for a dismissal of the plaintiffs' breach of contract claim. The essential elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)). In their First Amended Petition, the plaintiffs allege that the "[d]efendant owed a legal contractual duty to [them] to service and maintain [their] account." (Dkt. No. 1, Ex. B-5 at 4). They further contend that the defendant breached its contractual duty to them, causing them damages through its various actions and/or inactions. (*Id.*) It is well established, however, that "a party to a contract who is himself in default cannot maintain a suit for its breach." *Choe v. Bank of Am., N.A.*, No.

14-10826, 605 F. App'x 316, 321 (5th Cir. Mar. 23, 2015) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted)). Thus, since it is undisputed that the plaintiffs were in default of their obligations under the Note and Deed of Trust at the time of their commencement of the instant action, they cannot now maintain an action for breach of those same agreements. *Id.*

Moreover, to the extent that the plaintiffs' breach of contract claim is premised on any oral representations that might have been made by the defendant and/or one of its representatives concerning the plaintiffs' loan agreement and/or any modifications thereof, such claims are precluded by the statute of frauds, as the plaintiffs here are parties to a loan agreement that is subject to the statute of frauds. Under Texas law, a loan agreement[2] that exceeds $50,000 is unenforceable unless it is in writing and signed by the party against whom enforcement is sought. *See* Tex. Bus. & Comm. Code § 26.02(b). Likewise, any oral modification that encompasses or relates to the parties' original loan agreement is unenforceable unless it is also in writing and signed by the party against whom enforcement is sought. *See Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230 at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)).

### B. The Plaintiffs' Claim for Violation of the Texas Debt Collection Act

The plaintiffs generally allege that the defendant is liable for violating the Texas Debt Collection Act by failing "to state the correct amount owed or past due." (Dkt. No. 1, Ex. B-5 at 4). To state a claim under the Texas Debt Collection Act ("TDCA"), a plaintiff must allege that:

---

[2] The term "loan agreement" is defined broadly include "one or more promises, promissory notes, agreements, undertakings . . . pursuant to which a financial institution . . . agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." Tex. Bus. & Com. Code § 26.02(a)(2).

(1) the debt in dispute is a consumer debt; (2) the defendant qualifies as a debt collector within the meaning of the TDCA; (3) the defendant "committed a wrongful act in violation of the TDCA"; (4) the wrongful act was committed against the plaintiffs; and (5) the plaintiffs were injured as a result of the defendant's wrongful act. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp.2d 731, 743 - 44 (E.D. Tex. 2013); *see also* Tex. Fin. Code §§ 392.001, *et. seq.* When viewing the facts in the light most favorable to the plaintiffs, as this Court is required to do, the plaintiffs' TDCA claim fails because the plaintiffs do not allege facts sufficient to state a claim against the defendant.

First, the plaintiffs fail to allege that the defendant qualifies as a "debt collector" as the term is defined within the meaning of the TDCA. *See* Tex. Fin. Code § 392.001(6). A "debt collector" is defined as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." *Id.* "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5).

Even assuming that the defendant qualifies as a debt collector under the TDCA, the plaintiff has failed to allege a colorable claim for a violation of § 392.304(a)(8), namely that the defendant "misrepresent[ed] the character, extent, or amount of a consumer debt, or misrepresent[ed] the consumer debt's status in a judicial or governmental proceeding." *Id.* § 392.304(a)(8). In order "[f]or a statement to be a misrepresentation under the TDCA, a defendant must have made a false or misleading assertion." *See Carrillo v. Bank of Am., N.A.*, No. H-12-3096, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013) (citing *Reynolds v. Sw. Bell Tel., L.P.*, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth- June 29, 2006, pet. denied)).

Although a collection notice or statement misrepresenting the amount due on a debt does constitute a misleading assertion of the amount of that debt under the TDCA, the plaintiffs here fail to indicate which actions, if any, undertaken by the defendant constitute misrepresentations of "the character, extent, or amount" of their debt or that debt's "status in a judicial or governmental proceeding."

Without more, "[d]iscussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of the debt." *Fath v. BAC Home Loans*, No. 3:12–cv–1755–O, 2013 WL 3203092, at *9 (N.D. Tex. June 25, 2013) (quoting *Watson v. Citimortgage, Inc.*, No. 4:10–cv–707, 2012 WL 381205, at *7 (E.D. Tex. Feb. 3, 2012)); *accord Thomas v. EMC Mortg. Corp.*, No. 12–10143, 2012 WL 5984943, at *4 (5th Cir. Nov. 30, 2012); *Rhodes v. Wells Fargo Bank, N.A.*, No. 3:10–cv–2347–L, 2012 WL 5363424, at *33 (N.D. Tex. Oct. 21, 2012)). Further, the TDCA does not prevent the defendant and/or debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession" or conducting a nonjudicial foreclosure under a deed of trust. *See* Tex. Fin. Code § 392.301(b)(3)(noting that the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." ). Because the Court is unable to decipher how the defendant allegedly misrepresented the "character, extent or amount" of the plaintiff's debt, the defendant is entitled to a dismissal of the plaintiffs' TDCA claim. *See Garrett v. HSBC Bank USA, N.A.*, 3:12–cv–12–D, 2012 WL 1658796, at *3 (N.D. Tex. May 11, 2012) (reasoning that a dismissal of the plaintiffs' TDCA claim was appropriate because the court was unable to discern from the plaintiffs' petition how the "character, extent, or amount" of the debt was misrepresented).

### C. The Plaintiffs' Tort Claims: Negligence and Negligent Misrepresentation

With regard to their negligence and negligent misrepresentation claims, the plaintiffs assert that the defendant "ha[s] been negligent in providing a timely response [to] the Plaintiffs['] numerous attempts to modify the loan." (Dkt. No. 1, Ex. B-5 at 4). They further contend that "[t]he actions and inactions of defendant's agents constitute negligence and negligent misrepresentation." (*Id.*) The defendant moves to dismiss the plaintiffs' negligence and negligent misrepresentation claims, arguing that: (1) such claims fail because the defendant owes no duty of care to the plaintiffs; and (2) such claims are barred by the economic loss doctrine because the plaintiffs have stated no claim nor put forth any evidence of an economic loss unrelated to the subject of the parties' contracts. This Court agrees.

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Haliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)). "[N]o special relationship [exists] between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04–CV–086-K, 2006 WL 1464170 at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.-Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC VP LLC*, 176 S.W.3d at 612 (internal citations omitted). Accordingly, there is no duty of care that would support a claim of negligence by the plaintiffs against the defendant because any duty to act in good faith is solely premised upon the Note and Deed of Trust.

In addition, Texas law disfavors contorting breach of contract claims into tort claims. *Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998) (internal citation omitted); *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort.") (internal citations omitted). The "economic loss rule" provides that "mere nonfeasance under a contract creates liability only for breach of contract" and "tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. H-09-3828, 2010 WL 1996596, at *7 (S.D. Tex. May 17, 2010) (quoting *Crawford v. Ace Sign, Inc.,* 917 S.W.2d 12, 13 (Tex. 1996) (other citations omitted)). "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of a duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 763 (N.D. Tex. 2012) (citations and internal quotation marks omitted).

The plaintiffs' negligence and negligent misrepresentation[3] claims also fail pursuant to the economic loss doctrine because the sole potential basis for the defendant's liability to the plaintiffs is contractual in nature pursuant to the terms of the Note and Deed of Trust. In this case, the plaintiffs' tort claims are based on their allegations that the defendant negligently

---

[3] It is well-settled under Texas law that the elements for negligent misrepresentation are: (1) the defendant made a representation in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l,* 142 F.3d 802, 809 (5th Cir. 1998) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991)).

handled their loan account and/or have been negligent in providing a timely response to their numerous attempts to modify their loan. (*See* Dkt. No. 1, Ex. B-5 at 4). These tort claims flow solely from the Note and Deed of Trust because they would not exist but for the parties' contractual relationship. More specifically, any harm that the plaintiffs allegedly suffered would be based on the defendant's purported failure to act pursuant to the terms of the parties' "contracts," *i.e.*, the Note and Deed of Trust. Therefore, the defendant is entitled to a dismissal of the plaintiffs' negligence and negligent misrepresentation claims because the plaintiffs have not alleged an economic loss beyond the subject matter of the parties' contracts. *See Owens v. Bank of Am., NA*, No. H–11–2552, 2012 WL 912721, at *4 (S.D. Tex. March 16, 2012) (dismissing negligence claim because "the sole potential basis for the defendant's liability is contractual in nature by the terms of the Note and Deed of Trust"); *see also Scott v. Wells Fargo Bank, NA*, No. 4:11–cv–600, 2013 WL 5450600, at *8 (E.D. Tex. Sept. 30, 2013) (dismissing negligent misrepresentation claim under the economic loss doctrine because the plaintiffs failed to allege an injury independent from the deed of trust or note and the parties' relationship thereunder).

### D. The Plaintiffs' Claim for Violation of the Texas Property Code

The plaintiffs allege that the defendant "has not given them the statutorily required notices which are sufficient to effect a non-judicial foreclosure." (Dkt. No. 1, Ex. B-5 at 5). They maintain that the defendants' actions are in violation of Tex. Prop. Code §§ 51.002(b)(3) and 51.002(d). Chapter 51 of the Texas Property Code sets out the notice requirements and procedures for conducting a foreclosure sale. *See* Tex. Prop. Code § 51.002. Section 51.002(b)(3) requires that notice of the sale "be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor who . . . is obligated to

pay the debt." Tex. Prop. Code § 51.002(b)(3). Section 51.002(d) requires that "the mortgage servicer of the debt shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giv[e] the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." Tex. Prop. Code § 51.002(d).

Texas courts have recognized that "[t]he general purpose of [§ 51.002] is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure." *WTFO, Inc. v. Braithwaite,* 899 S.W.2d 709, 720 (Tex.App.-Dallas 1995, no writ). Nevertheless, because it is undisputed that no foreclosure sale has occurred in this case given the TRO entered enjoining the defendant's scheduled foreclosure sale, the plaintiffs' claim under Chapter 51 of the Texas Property Code for purportedly wrongful foreclosure should be dismissed. *See Mahmood v. Bank of Am., N.A.,* No. 3:11–CV–3054–M–BK, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012), *rec. adopted*, 2012 WL 527901 (N.D. Tex. Feb. 16, 2012) (granting motion to dismiss the plaintiff's claim under Chapter 51 of the Property Code where no foreclosure sale had occurred).

### E. The Plaintiffs' Claim for Injunctive Relief

The plaintiffs also seek injunctive relief restraining further action by the defendant to foreclose on the property. (*See* Dkt. No. 1, Ex. B-5 at 5). Injunctive relief, however, is a form of relief grounded on underlying claims. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."); *see also Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002) (reasoning that to obtain injunctive relief a plaintiff must first plead a viable underlying cause of action). Because this

Court has determined that the plaintiffs' substantive claims for relief fail, the plaintiffs' claims for injunctive relief likewise fail.

## V. CONCLUSION

Based on the foregoing discussion and analysis, the plaintiffs' case should be DISMISSED in its entirety. Since under the facts of this case, any amendment would be futile, the dismissal is with prejudice and without leave to amend.

It is so **ORDERED**.

SIGNED on this 20th day of June, 2016.

_____
Kenneth M. Hoyt
United States District Judge